UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
CHRISTOPHER MANGAL AND
EWART BURTON

                                                07 CV 3777 (JGK)(DF)

                    Plaintiff,

   -against-

                                                **COMPLAINT**

THE CITY OF NEW YORK, a municipal corporation,
Undercover Police Officer #974; Police Officer Jennifer
Childs; John & Jane Does individually and as police and
supervisory officers of the New York City Police
Department, the identity and number of which
is unknown,

                                                  **JURY TRIAL**
                                                  **DEMANDED**
                  Defendants.
------------------------------------------------------------------------ x

       Plaintiffs, Christopher Mangal and Ewart Burton by their attorney, Glenn A. Wolther, as and for their complaint alleges as follows:

### Jurisdiction & Venue

1.     Jurisdiction is based on 28 U.S.C. sections 1331 and 1343, and the pendant and supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367, to entertain claims arising under state law.

2.     Venue is properly lodged in this Judicial District pursuant to 28 U.S.C. §1391(b)(1), as defendant City of New York resides within this District.

3. On or about May 5, 2006, Notices of Claim were timely served upon defendant City of New York.

4. More than thirty days have passed since service of the Notices of Claim and adjustment or payment has been neglected.

**Parties**

5. Plaintiff, Christopher Mangal, is a resident of New York City.

6. Plaintiff, Ewart Burton, is a resident of New York City.

7. At all times material herein, the defendant City of New York ("NYC"), was and is a municipality, duly organized and existing under and by virtue of the laws of the State of New York. The New York City Police Department ("NYPD") is a non-suable subdivision of NYC and its employees are employees of NYC.

8. Upon information and belief, defendant, undercover police officer #974 ("UC 974") was at all relevant times herein employed by NYC as a Police Officer. UC#974 is sued both in his/her personal and official capacities.

9. Upon information and belief, defendant, police officer Jennifer Childs Shield #4967 was at all relevant times herein employed by NYC as a Police Officer. She

is sued both her personal and official capacities.

10. Upon information and belief, defendant John and Jane Does, the exact number of whom is presently unknown, were at all relevant times herein, employed by NYC as Police Officers and Supervisory Police of higher ranks. They are sued both in their personal and official capacities and as supervisors. Their true identity is presently unknown.

11. At all material times herein and in their actions described herein, all defendants were acting under color of law and pursuant to their authority as employees of NYC and the NYPD. They were acting within the scope of their employment.

12. Under the Charter of the NYC, NYC is responsible for the conduct of municipal agencies such as NYPD, and as such is the legal entity responsible for implementing any legal or equitable relief ordered by the Court in this action

### Facts

13. On February 11, 2006, plaintiffs Christopher Mangal and Ewart Burton were lawfully inside the premises located at 2210 Church Avenue, Kings County.

14. Both plaintiffs were working at the premises which contains a licensed cabaret named Temptations (the "club"). The club is a dance club with a tavern wine liquor license.

15. Ewart Burton was acting as a manger of the club.

16. Christopher Mangal was acting as a casher at the club.

17. Upon information and belief, the club discontinues the sale of alcohol at 4:00 am as is required by State law.

18. Upon information and belief, at no point after 4:00 a.m. on that date did either individual plaintiff sell alcoholic beverages to any person.

19. Upon information and belief, at no point after 4:00 a.m. on February 11, 2006, did either individual plaintiff facilitate the sale of alcoholic beverages to any person.

20. At or about some point after 4:00 a.m. plaintiff Ewart Burton was told by one of the John Doe defendants that he was being arrested.

21. Burton was taken outside the club and handcuffed by the some of the Doe defendants.

22. At or about some point after 4:00 a.m. plaintiff Christopher Mangal was told by one of the John Doe defendants, in sum and substance, that he was to exit the club.

23. Mangal upon exiting the club was told he was under arrest and then handcuffed by one of the John Doe defendants.

24. Plaintiffs did not feel free to leave based upon the words, mannerisms, gestures, and actions of defendants. Plaintiffs were unlawfully seized.

25. Upon information and belief defendants actions were taken without authority, legal justification, reasonable suspicion, or probable cause. Defendants had no arrest warrant. At no time did probable cause exist to justify the defendants seizure and detention of plaintiffs.

26. Upon information and belief, in order to obtain plaintiffs' unlawful seizure and the ultimate closure of the club defendants, UC #974 and Childs, reported false and misleading information that alleged plaintiffs' participation in a sale of alcohol after the legal time to do so had expired.

27. Upon information and belief, Childs, and the Doe defendants knew or should have know that any information from UC #974 was wrong and false.

5

28. Upon information and belief, Childs, and the Doe Defendants knew or should have know that the information from UC #974 was wrong and false.

29. Plaintiffs were transported to the Police Precinct, Central Booking, the Courthouse, and continually confined and defendants.

30. Both plaintiffs were unlawfully arrested, subject to criminal process and charged with violating New York Alcohol Control Beverage Law §106(5)(b) (Docket Numbers 2006KN010329 and 2006KN010330).

31. Upon information and belief, plaintiffs were unjustly and unlawfully subjected to seizure and abusive criminal process in order to obtain the ultimate closure of the club.

32. Further, as a result of the process that was issued plaintiffs were required to re-appear in Criminal Court.

33. Upon information and belief, some of the defendants who were present at the location at the time of the incident were supervisory officers.

34. Upon information and belief, no NYPD member present intervened or stopped the other NYPD defendants from unreasonably seizing plaintiffs but should have.

35. Upon information and belief, no NYPD supervisory officer prevented or remedied the unlawful seizure or the unlawful issuing of the criminal complaint, and supporting documents.

36. Upon information and belief, NYPD supervisory officers ratified the documents tacitly or explicitly.

**FIRST CAUSE OF ACTION**
**FEDERAL CLAIMS**
**AGAINST ALL DEFENDANTS**

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 as if repeated fully herein.

38. Upon information and belief, defendants violated, conspired to violate, and aided and abetted in the violation of plaintiffs' clearly established and well-settled federally protected rights.

39. The acts and conduct described above deprived the plaintiffs of their rights:

    (a)    to be free of unreasonable search and seizure of their person and effects;
    (b)    to be free from unlawful warrantless arrest;
    (c)    to be free from false imprisonment;
    (d)    to be free from abuse of process;
    (e)    not to be deprived of liberty or property without due process of law;

All in violation of the Fourth, and Fourteenth Amendments to the United

States Constitution and 42 U.S.C. §§1983.

40. Upon information and belief, the acts and conduct of defendants described above was intentional, wanton, malicious and oppressive.

41. As a result of the acts and misconduct of the defendants complained of herein, plaintiffs have suffered deprivation of their liberty, physical injuries, emotional injuries, mental and emotional distress, pain and suffering, humiliation, embarrassment, economic loss, legal fees, and other damages.

**SECOND CAUSE OF ACTION**
**<u>SUPERVISORY CLAIMS</u>**

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 as if repeated fully herein.

43. Upon information and belief, the supervisory Doe defendants failed to supervise, monitor, train and discipline other NYPD defendants.

44. Upon information and belief, supervisory Doe defendants have shirked their duty to ensure that officers under their control, and accountable to them, do not engage in civil rights violations and unlawful conduct.

45. Upon information and belief, the acts and conduct of defendants described above was intentional, wanton, malicious and oppressive.

46. As a result of the acts and misconduct of the defendants complained of herein, plaintiffs have suffered deprivation of their liberty, emotional injuries, mental and emotional distress, humiliation, embarrassment, economic loss, legal fees, and other damages.

**THIRD CAUSE OF ACTION
NEW YORK STATE TORT CLAIMS
<u>AGAINST ALL DEFENDANTS</u>**

47. The allegations of paragraphs 1 through 46 inclusive are incorporated by reference herein.

48. The acts and conduct of the defendants constitute false imprisonment, false arrest, negligence, abuse of process, injurious false and/or fraudulent statements, negligent hiring, negligent training, negligent retention, negligent supervision, *prima facie* tort under the laws of the State of New York.

49. Upon information and belief, the acts and conduct of defendants described above were intentional, wanton, malicious and oppressive.

50. All individual defendants acted within the scope of their employment at times material herein, and the municipal defendant is liable under the doctrine of *respondeat superior* for the acts of its employees, agents, and those within its control.

51. As a direct and proximate result of the defendants' acts described above, defendants have caused plaintiff to suffer emotional injuries, legal fees, emotional suffering, mental anguish, humiliation and embarrassment, deprivation of liberty, and other damages.

### FOURTH CAUSE OF ACTION
### NEW YORK STATE CONSTITUTIONAL CLAIMS
### AGAINST ALL DEFENDANTS

52. The allegations of paragraphs 1 through 51 inclusive are incorporated by reference herein.

53. Upon information and belief, Defendants violated, conspired to violate, and aided and abetted in violating plaintiff's rights under, *inter alia,* Article I sections 6 and 12 of the Constitution of the State of New York.

54. Upon information and belief, the acts and conduct of defendants described above were intentional, wanton, malicious and oppressive.

55. As a result of the acts and misconduct of the defendants complained of herein, plaintiffs have suffered deprivation of their liberty, emotional injuries, mental and emotional distress, humiliation, embarrassment, economic loss, legal fees, and other damages.

56. Pursuant to Fed. R. Civ P. 38 plaintiff demands a trial by jury, on all issues so triable, in this action.

**WHEREFORE**, plaintiff Christopher Mangal and Ewuart Burton each independently demand judgment and pray for the following relief, jointly and severally, against the individual defendants:

(a) full and fair compensatory and punitive damages in an amount to be determined by a Jury;

(b) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(c) such other and further relief as appears just and proper.

And the following relief against the municipal defendant:

(a) full and fair compensatory damages in an amount to be determined by a Jury;

(b) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(c) such other and further relief as appears just and proper.

Dated: New York, New York
May 11, 2007

BY: /s/ Glenn A. Wolther
Glenn A. Wolther [GW-5740]

Glenn A. Wolther
*Attorney At Law*
305 Broadway, Suite 1102
New York, New York 10007
Tel: (212) 964-2120
Attorney for plaintiffs

12