UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHRISTOPHER MANGAL AND EWART BURTON,

                                 Plaintiff,

                -against-

THE CITY OF NEW YORK, a municipal corporation,
Undercover Police Officer #974; Police Officer Jennifer
Childs; John & Jane Does individually and as police and
supervisory officers of the New York City Police
Department, the identity and number of which is unknown,

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07 CV 3777 (JGK)

JURY TRIAL DEMANDED

Defendant[1] City of New York, by its attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York, for its answer to the Complaint, respectfully alleges, upon

information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except

admits that plaintiffs purport to invoke the jurisdiction and supplemental jurisdiction of the Court

as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except

admits that plaintiffs purport to base venue as stated therein.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, except

admits that documents purporting to be Notices of Claim were received by the Office of the

Comptroller on or about May 5, 2006.

---

[1] On information and belief, the individuals identified in the caption of the complaint as
"Undercover Police Officer 974" and "Police Officer Jennifer Childs" have not been served with
the summons and complaint and, therefore, are not defendants in this action at this time.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that the purported claims have not been adjusted or paid.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation existing under the laws of the State of New York, that the New York City Police Department is a non-suable entity, and that the City of New York employs police officers.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admit that plaintiffs purport to sue the individual identified in the caption as "Undercover police officer #974" as stated therein.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that Jennifer Childs was employed by the City of New York as a Police Officer in February 2006 and that plaintiffs purport to sue her as stated therein.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Paragraph "11" of the complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

12. Paragraph "12" of the complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Denies the allegations set forth in paragraph "18" of the complaint.

19.     Denies the allegations set forth in paragraph "19" of the complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admits that plaintiff Burton was arrested on or about February 11, 2006.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff Mangal was arrested on or about February 11, 2006.

24.    Denies the allegations set forth in paragraph "24" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' feelings.

25.    Denies the allegations set forth in paragraph "25" of the complaint.

26.    Denies the allegations set forth in paragraph "26" of the complaint.

27.    Denies the allegations set forth in paragraph "27" of the complaint.

28.    Denies the allegations set forth in paragraph "28" of the complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.    Denies the allegations set forth in paragraph "30" of the complaint, except admits that plaintiffs were arrested and charged with violating New York Alcoholic Beverage Control Law § 106(5)(b) under docket numbers 2006KN010329 and 2006010330.

31.    Denies the allegations set forth in paragraph "31" of the complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.    Denies the allegations set forth in paragraph "34" of the complaint.

35.    Denies the allegations set forth in paragraph "35" of the complaint.

36.    Denies the allegations set forth in paragraph "36" of the complaint.

37.    In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges paragraphs "1" through "36" of this answer as if fully set forth herein.

38.    Denies the allegations set forth in paragraph "38" of the complaint.

39.    Denies the allegations set forth in paragraph "39" of the complaint and all of its subparts.

40.    Denies the allegations set forth in paragraph "40" of the complaint.

41.    Denies the allegations set forth in paragraph "41" of the complaint.

42.    In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges paragraphs "1" through "41" of this answer as if fully set forth herein.

43.    Denies the allegations set forth in paragraph "43" of the complaint.

44.    Denies the allegations set forth in paragraph "44" of the complaint.

45.    Denies the allegations set forth in paragraph "45" of the complaint.

46.    Denies the allegations set forth in paragraph "46" of the complaint.

47.    In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges paragraphs "1" through "46" of this answer as if fully set forth herein.

48.    Denies the allegations set forth in paragraph "48" of the complaint.

49.    Denies the allegations set forth in paragraph "49" of the complaint.

50.    Denies the allegations set forth in paragraph "50" of the complaint.

51.    Denies the allegations set forth in paragraph "51" of the complaint.

52.    In response to the allegations set forth in paragraph "52" of the complaint, defendant repeats and realleges paragraphs "1" through "51" of this answer as if fully set forth herein.

53.    Denies the allegations set forth in paragraph "53" of the complaint.

54.     Denies the allegations set forth in paragraph "54" of the complaint.

55.     Denies the allegations set forth in paragraph "55" of the complaint.

56.     Denies the allegations set forth in paragraph "56" of the complaint, except admits that plaintiffs purport to demand a jury trial as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

60.     The actions of any officers involved were justified by probable cause and/or reasonable suspicion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61.     Plaintiffs provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62.     Punitive damages cannot be recovered as against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

63.     At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion.  As such, defendant City is entitled to governmental immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

64.     To the extent the Complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

65.     This action may be barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

66.     This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

**WHEREFORE,** defendant City of New York requests judgment dismissing the

Complaint, as against them with the costs and disbursements of this action, and such other and

further relief as the Court may deem just and proper.

Dated:        New York, New York
              October 11, 2007

                                              MICHAEL A. CARDOZO
                                              Corporation Counsel of the
                                                City of New York
                                              Attorney for Defendant City of New York
                                            100 Church Street
                                            New York, New York 10007
                                            (212) 788-0916

                                            By: _____
                                              Johana Castro (JC 1809)
                                            Assistant Corporation Counsel

To:     Glenn Wolther, Esq. (By ECF and first-class mail)
        Attorney for Plaintiffs
        305 Broadway, Suite 1102
        New York, NY 10007

- 8 -

Docket No. 07 CV 3777 (JGK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER MANGAL AND EWART
BURTON,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, a municipal
corporation, Undercover Police Officer #974;
Police Officer Jennifer Childs; John & Jane Does
individually and as police and supervisory officers
of the New York City Police Department, the
identity and number of which is unknown,

                                        Defendants.

## ANSWER TO COMPLAINT

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Johana Castro*
*Tel: (212) 788-0976*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................ ,2007*

*.................................................................... Esq.*

*Attorney for ........................................................*